STATE *v.* MANN

---

STATE OF NORTH CAROLINA v. HERMAN MANN
No. 6815SC403

(Filed 9 October 1968)

PURPORTED appeal by defendant from *Bowman, S.J.,* January 1968 Criminal Session of ALAMANCE Superior Court.

Defendant was before the Superior Court, upon appeal from the Graham Municipal Court, under two warrants, one charging him with public drunkenness on 7 December 1967 and the other charging him with a second offense of public drunkenness on 8 December 1967. When his cases were called, defendant, without legal counsel, pled guilty to the charges. The cases were consolidated for judgment, and the court directed that the defendant be committed to the Director of Prisons for a period of not more than six months, said sentence to begin at the expiration of sentences being activated in cases Nos. 83, 84 and 92 imposed at the 12 June 1967 Session of the Court on three charges of public drunkenness but which sentences were suspended. Judgment by Judge Bowman was entered on 26 January 1968.

On 6 July 1968, Carr, Resident Judge of the Fifteenth Judicial District, entered an order in which he found that the defendant, within ten days after 26 January 1968, gave notice of appeal from the judgment of Judge Bowman and, upon a further finding that defendant was indigent, appointed Attorney Herbert F. Pierce to perfect the appeal for the defendant.

*Attorney General T. Wade Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Herbert F. Pierce for defendant appellant.*

BRITT, J.

Our rules require that an appeal to this Court be docketed within ninety days after the entry of judgment, unless an extension of time not to exceed sixty additional days is obtained from the trial tribunal. The record on appeal in this case was not filed in this Court until 3 September 1968, therefore, we will treat said record as a petition for certiorari.

The only assignment of error appearing in the record is that "[t]he trial court erred in entering judgment as it did and in imposing the sentence set forth in said judgment." We have reviewed the record and find that the defendant pled guilty to warrants valid on their face and that the sentence imposed was within statutory limits. The record discloses no reason for us to grant certiorari.

The petition for certiorari is

Denied.

BROCK and PARKER, JJ., concur.